UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05318-MWC-SP Date: October 15, 2026

Title: Erika Alvizo v. Wal-Mart Associates, Inc., *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S MOTION TO REMAND (DKT. [13]) FOR FAILING TO COMPLY WITH THE LOCAL RULES AND THIS COURT'S STANDING ORDER**

On October 14, 2026, Plaintiff Erika Alvizo ("Plaintiff") filed the pending Motion to Remand Action to State Court ("Motion"). Dkt. # 13. Plaintiff did not include a declaration detailing conferral with opposing counsel at least 7 days prior to filing the motion pursuant to this District's Local Rules.

This District's Local Rules require, in relevant part:

> In all cases not listed as exempt in L.R. 16-12, . . . counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. **The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion.** If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied.

C.D. Cal. L.R. 7-3 (emphases added).

The Court's revised Standing Order also reiterates the necessity of this pre-filing conference. *See* Honorable Michelle Williams Court, Central District of California, *Orders and Additional Documents*, at https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court ("*Standing Order*") ¶ 8b ("If the parties do not comply with Local Rule 7-3, the Court may strike or deny the motion.").

District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). Local Rule 7-3 "is not just a piece of petty pedantry put down to trip up lawyers or mere formalism simply there for lawyers to check off." *Hudson-Bryant v. OCMBC Inc.*, No. 8:24-cv-00067-FWS-JDE, 2026 WL 1509964, at *2 (C.D. Cal. May 27, 2026) (cleaned up) (internal quotation marks and citations omitted). "Rather, it serves the important functions to help secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (internal quotation marks and citations omitted) (collecting cases). Indeed, "[t]he rule is of such importance that a district court may deny, strike, or decline to consider a party's motion for failing to comply with its requirements." *Est. of Martinez v. Cnty. of L.A.*, No. 2:23-cv-05586-ODW (MAAx), 2026 WL 445537, at *1 (C.D. Cal. Feb. 17, 2026) (citing C.D. Cal. L.R. 7-4 and *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012)); *see also id.* ("Courts in this district routinely deny or strike motions based on a party's failure to comply with Local Rule 7-3."); *see, e.g.*, *Bosco v. First Advantage Background Servs. Corp.*, No. 2:25-cv-12019-MCS-MAA, 2026 WL 1365815, at *1 (C.D. Cal. May 11, 2026); *Mission Wealth Mgmt., LP v. Flores*, No. 2:26-cv-00035-MCS-MAA, 2026 WL 1453929, at *1 (C.D. Cal. Apr. 20, 2026).

Additionally, Plaintiff failed to submit a declaration certifying the use or non-use of Artificial Intelligence, as is required for lawyers who file any "motion, pleading, or other paper" with this Court. *See Standing Order* ¶ 1a. Plaintiff's failure to attach this declaration serves as another reason to strike the motion.

For these reasons, the Court **STRIKES** Plaintiff's Motion (Dkt. # 13) for failing to comply with C.D. Cal. Local Rule 7-3 and this Court's revised Standing Order. The November 20, 2026, hearing date is **VACATED**. Plaintiff may re-file the motion once counsel rectifies the errors identified in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05318-MWC-SP Date: October 15, 2026

Title: Erika Alvizo v. Wal-Mart Associates, Inc., *et al.*

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ